FOR THE

## COUNTY OF CUMBERLAND,

### 1851.

PRESENT:

Hon. ETHER SHEPLEY, ll. d., Chief Justice.
Hon. JOHN S. TENNEY, ll. d.  ⎱ Associate
Hon. SAMUEL WELLS,          ⎰ Justices.
Hon. JOSEPH HOWARD.

---

## Sturtevant *versus* Samuel A. Merrill and Rebecca McGregor.

If, upon the line between adjoining lots of land, there has been no obligatory division, for the maintenance of a partition fence, the owner of each lot is bound to keep his cattle from crossing the line.

It is a trespass, if the cattle of the one cross into the land of the other.

This rule is not dislodged, though the owners of the lands may have maintained a line-fence, by severally building such parts as to be satisfactory to each other.

The wrongful removal by the plaintiff of the part of the fence built by the defendant will not constitute a license for the defendant's cattle to cross the undivided line, after there has been such a lapse of time, as to give to the defendant, a reasonable opportunity of building a new fence.

Sturtevant v. Merrill.

EXCEPTIONS from *Nisi Prius* term, SHEPLEY, C. J. presiding.

Trespass, *quare clausum*, for injury done by defendant's cattle.

It appeared that the plaintiff owned land adjoining the farm, formerly belonging to Mr. McGregor, and now belonging to his widow, one of the defendants, and that she lived upon the farm, as also did Merrill the other defendant, who owned the cattle, and carried on the farm.

It was not proved that, prior to the alleged trespass, any legal assignment for a division fence had been made ; but it was proved that the former owner of the plaintiff's land had united with Mr. McGregor in building what they considered their several parts of a division fence, and that, after the plaintiff purchased, he claimed that the whole fence belonged to him, and three or four years prior to the supposed trespass removed to his own barn about 600 feet of that part, which Mr. McGregor had built. No fence was afterwards made upon that part of the line. Merrill put his cattle into his own field, after haying season was over, and they passed into the plaintiff's land, across the line, where the fence had been removed. That is the cause for which this suit is brought.

The defendant's counsel requested instruction to the jury, that, if the plaintiff removed the fence, without right, he cannot maintain trespass for the acts done by the cattle.

That instruction was not given, but the jury were instructed that, if a person should remove the fence existing between his own land and that of his neighbor, in which cattle were usually found, they might be authorized to find that such removal of the fence operated as a license for the cattle to pass on to his land, until such time had elapsed as would enable the party, whose fence was removed, to rebuild it ; but it would not so operate or constitute any legal defence, if three or four years had elapsed between the time when the plaintiff removed the fence, and the time of the alleged trespass.

The verdict was in favor of Mrs. McGregor, and against

Merrill, with an assessment of one cent damage, and he excepted.

*W. P. Fessenden,* for the defendant Merrill.

The object of the law is that fences be mutually maintained. This is accomplished when they are voluntarily maintained, as much as when done by compulsion.

Suppose the plaintiff had driven the cattle into his own land, could he maintain trespass? The taking away the fence is of the same effect. It was a license that the cattle should go there, so long as the plaintiff should keep the fence in his own barn. Every one is bound for the necessary results of his own acts; and no one can take advantage of his own wrongdoings. The defendant might well suppose that, if he should rebuild the fence, the plaintiff would tear it away. What shall he do? In Dane's Abr. vol. 5, page 629, there is a form of a plea from Rastall. It sustains our ground.

*Butler,* for plaintiff.

The defendant might have rebuilt the fence. If the plaintiff wrongfully took away the fence, it was but a trespass against Mr. McGregor, in his lifetime. How can such a trespass against McGregor justify this trespass, committed three or four years afterwards by Merrill?

But the fence line was never divided. Defendant's duty was, then, to keep his cattle on his own land, at peril. *Lord* v. *Wormwood,* 29 Maine, 282.

If the defendant would rely upon a constructive license, it should have been specially pleaded. 1 Chit. Pl. 543.

TENNEY, J. — The verdict in this case was in favor of McGregor, and against the other defendant, who took exceptions to the instructions given to the jury, and also to the refusal to give those requested.

By the statute, chap. 30, sec. 6, if a person is injured in his lands by certain descriptions of domestic animals, named, he may recover his damages in an action of trespass, against the owner of the beasts, unless they were lawfully on the adjoining lands, and escaped therefrom in consequence of the neglect

of the person, who had suffered the damage, to maintain his part of the partition fence. The neglect, which is made a bar to a recovery in an action of trespass of this kind, can arise only from a division, which imposes the obligation upon the party injured to build and maintain upon a certain well defined portion of the line a legal fence. If no division, such as the statute recognizes has been made, the omission is not to be treated as the fault of one party, more than that of the other. And if no fence is built thereon, it may be, because the parties have agreed to occupy and improve their several lands adjoining each other in common ; or because they intend to hold according to their rights at common law. The latter may be the legal presumption, in the absence of all evidence upon the question. If a fence is built and maintained upon the line between the occupants of contiguous lands, without a valid division, according to law, partly by one and partly by the other, no statute rights or responsibilities will result therefrom.

In the case at bar, there being no division, the parties were in the enjoyment of no rights under the statute, in their occupation. There is no evidence of any agreement or understanding that the lands were intended to be occupied in common. The beasts passed into the plaintiff's land at a place where there was no fence upon the line between his land and that of the defendant ; and the plaintiff is entitled to recover, unless some ground, beside the provision of the statute will protect the defendant. *Lord* v. *Wormwood & al.* 29 Maine, 282. And the party excepting, insists that the removal of the fence by the plaintiff, precludes him from recovering damages. If the plaintiff had driven the cattle of the defendant Merrill on to his land, or they passed there by his procurement, at the time they were found there, he could not prevail. But such is not the state of facts. There is no evidence, that the removal of the fence was for the purpose of allowing the cattle of the defendant to pass into the plaintiff's land three or four years afterwards. The unlawful removal of the fence was the ground of an action in favor of the party injured at the time. And it may be true that had it not been for

the removal of the fence by the plaintiff, it would have remained sufficient against cattle, till the acts complained of, and under such a state of things, the defendant's cattle may have escaped into the plaintiff's land, in consequence of the removal. But the effect is too remote from the cause. The taking away of the fence is to be treated as any other trespass of the plaintiff upon the land from which the cattle passed, such as cutting down trees, or tearing up the soil, at the time ; and could not justify any act or neglect long subsequent of the other party, with which it had no direct connection. As long as there was no division of the fence, the plaintiff had a right to take away the part belonging to him, if it could be done without a trespass upon others lands ; and he would then be entitled to maintain an action of trespass, if the cattle of the contiguous proprietor should pass upon his close without permission. And if he removed the fence of the latter, unlawfully, it would have the same effect upon the rights of both, so far as their occupation of the lands was concerned. The instructions requested were properly withheld ; and those given were not erroneous. A license to permit the defendant's cattle to pass on the lands of the plaintiff, while he might wish to rebuild the fence after the removal, can be inferred from no facts in the case. There is nothing showing that such was the plaintiff's intention, but on the other hand, there was evidence that the fence was removed, because he claimed it as his own property. When so many years elapsed subsequent to the time, when the fence was removed, the jury could not have presumed legitimately, that the plaintiff designed thereby to allow the defendant to suffer his cattle to pass over the line.          *Exceptions overruled.*

*Judgment on the verdict.*