### OLENDORF, Commissioner, *v.* SULLIVAN *et al.*

*(Supreme Court, General Term, Fourth Department.* February, 1891.)

HIGHWAYS—REMOVAL OF OBSTRUCTIONS—NOTICE.

2 Rev. St. N. Y. (8th Ed.) p. 1388, § 103, provides that the commissioner of highways may order the removal of encroachments and obstructions, so that the highway may be of the breadth originally intended; that he must give written notice to the owner or occupant to remove such obstructions, etc., within 60 days; and that "every such order and notice shall specify the breadth of the road originally intended, the extent of the obstruction or encroachment, and the place or places where the same shall be." *Held*, that where a copy of the order is annexed to the notice, and is referred to in the notice as being annexed, it will be deemed a part of the notice.

Appeal from Chenango county court.

Action by James M. Olendorf, as commissioner of highways of the town of Afton, against Julia M. Sullivan and others. From a judgment of the county court entered December 4, 1889, affirming a judgment of a justice's court in a proceeding to compel the removal of an obstruction in a highway, defendants appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*W. B. Matterson*, for appellants. *Geo. A. Haven*, for respondent.

MERWIN, J. Whether there was, by dedication or user, a highway, as claimed by the plaintiff, was a question of fact, and the evidence is sufficient

to sustain the finding of the jury on that subject, within the principles laid down in *Speir* v. *Town of New Utrecht*, 121 N. Y. 420, 24 N. E. Rep. 692. By section 103, tit. 1, pt. 1, p. 1388, 2 Rev. St., (8th Ed.) as amended by chapter 245 of 1878, it is provided that the commissioner of highways, if in his opinion it be deemed necessary, shall order obstructions or encroachments to be removed, so that the highway may be of the breadth originally intended. The order made by the commissioner must be in writing, and signed, and he must give notice in writing to the occupant or owner to remove such obstructions or encroachments within 60 days. "Every such order and notice shall specify the breadth of the road originally intended, the extent of the obstruction or encroachment, and the place or places where the same shall be." No fault is found with the order in this case, but it is claimed that the notice was not sufficient. A copy of the order was annexed to the notice, and it was referred to in the notice as being annexed. It should therefore be deemed a part of the notice so far as its specifications are concerned; so that then the occupant, by the notice in fact served, had all the information the law required to be given. In *Cook* v. *Covil*, 18 Hun, 288, it does not appear that a copy of the order was annexed, and, besides, the order itself was defective. The statute does not require the order to be separately served. The ruling upon the question put to the witness Briggs was perhaps not strictly correct, but at that stage of the case, and in view of the prior evidence, it cannot be said to have affected the merits. Code, § 3063. The judgment should be affirmed, with costs. All concur.