Martin, J.
This action was for damages to plaintiff’s field of corn, committed by the defendant’s cattle in the years 1886 and 1887. It was tried in a justice’s court, where the plaintiff bad judgment for twenty dollars damages, with costs. From that judgment an appeal was taken to the county court, and the judgment reversed. The grounds of such reversal are unknown, as no opinion or memorandum was made by the learned county judge.
The respondent, however, seeks to uphold the judgment upon the grounds: 1. That it was the duty of the plaintiff to build and maintain a proper partition fence between the lands of the parties who were adjoining owners, and having failed, the defendant was not liable for the injury to the plaintiff’s crops. 2. That the justice erred in his rulings upon the admission and rejection of. evidence.
The appeal book contains no proof that a fence between the *84 lands of the parties was ever either located or divided, pursuant to the provisions of the statute, then in force, relating to division fences. (2 R. S., 8th ed., 903, § 30, et seq.) Nor was there any •evidence showing any location or division of a partition fence between the parties by agreement or otherwise.
The owner of domestic animals, such as horses, cattle, sheep, etc., was at common law bound to keep them safely on his own property. Stafford v. Ingersol, 3 Hill, 38; Van Leuven v. Lyke, 1 N. Y., 515, 517., Where the cattle of one of two adjoining proprietors are found trespassing upon the land of the other, the owner of the cattle, to excuse himself, must show not only that the fences which the other proprietor was bound to maintain were out of repair, but also that the cattle passed over such defective fences. Deyo v. Stewart, 4 Den., 101. “Where parties are jointly •bound to maintain a partition fence, and neither is severally bound, •either by agreement or by statute, to maintain any particular part, the defectiveness of such fence is no defense to an action of trespass by the cattle of one upon the other, and the parties are remitted to their common law rights and obligations as to keeping their cattle from straying beyond their own land. * * * In order to escape liability for trespass committed through the insufficiency of such fence, it must appear to have been divided either •according to the statute or by a binding agreement, so as to throw upon each owner the obligation of maintaining some particular part of it, and that the defect, by reason of which the injury arose, was upon the plaintiff’s part.” 7 A. & E. Ency., 895; 1 Cow., 79, note a; Little v. Lathrop, 5 Greenleaf, 356; Sturtevant v. Merrill, 33 Me., 62; Knox v. Tucker, 48 id., 373; Bust v. Low, 6 Mass., 100.
These authorities render it quite obvious that the proof was insufficient to establish a defense to the plaintiff’s action, and that the justice properly awarded him a judgment for the damages he sustained. ,
The only remaining question we need consider is- whether the justice committed any error in his rulings as to the admission of -evidence which required the reversal of the judgment. We have •carefully examined each of the rulings made, and, while it may be that some of them were not technically correct, still we find none that seem to have affected the merits. Hence, under ■ the rule applicable to appeals of this character, the judgment ought to have been reversed on account of such rulings. Code, § 3063; Olendorf v. Sullivan, 36 St. Rep., 74; Greene v. Walton, 59 Hun, 105; 35 St. Rep., 881; Morehead v. Brown, id., 766; Griffin v. Jackson, 36 id., 111; Bump v. Daheny, id., 116; Tuttle v. Dennis, 58 Hun, 39; 33 St. Rep., 445; Lockwood v. Lockwood, 38 id., 601.
. We think the judgment of the justice was proper, sustained by the evidence, and that there were no rulings which authorized a reversal.
Judgment of the county court reversed, and judgment of the justice affirmed, with costs to the appellant
Hardin, P. J., and Merwin, J., concur.