ROACH vs. LAWRENCE.

*December 13, 1882 — January 9, 1883.*

*Fences — Trespass by animals.*

Under chapters 138 and 307, Laws of 1880, the owner of lands who does not maintain and keep in repair a lawful partition fence, cannot recover damages for a trespass by the animals of an adjoining land-owner.

APPEAL from the County Court of *Dodge* County.

The respective parties are the owners of adjoining lands, between which is a line fence. The portion to be kept in repair by each of them was agreed upon many years ago. Each party uses his land adjoining such fence as a pasture. Neither of them has maintained a lawful line fence. The pasture of plaintiff is open to a highway which abuts it on one side. In September, 1880, the horses of defendant

Roach vs. Lawrence.

escaped through such fence from his pasture into that of the plaintiff, and from thence into a meadow of the plaintiff, also open to the same highway, and there kicked, injured, and killed a horse of the plaintiff. This action is to recover damages for such alleged trespass to the plaintiff's land and the killing of his horse.

The above facts appear from the record. On the trial the county judge denied the defendant's motion for a nonsuit, and instructed the jury that if they found the defendant's horses escaped through that portion of the line fence which it was the duty of the defendant to keep in repair, the plaintiff was entitled to recover the value of his horse so killed, and nominal damages for the trespass to his land. It was not shown that any of the defendant's horses were vicious to his knowledge. The jury returned a verdict for the plaintiff for $50 damages. A motion for a new trial was granted, on condition that the defendant pay the costs of the trial, taxed at $24.58, unless the plaintiff should, within ten days thereafter, file a stipulation that the recovery be reduced to six cents. Such stipulation has not been filed. The defendant appeals from that part of the order which imposes upon him the obligation to pay such costs as a condition precedent to obtaining a new trial.

The cause was submitted for the appellant on the brief of *James J. Dick*, and for the respondent on that of *H. L. Eaton*.

LYON, J. It seems to be conceded in the briefs of counsel that on the trial the attention of the learned judge was not called to ch. 138 and ch. 307, Laws of 1880.

Ch. 138 imposes the obligation to maintain a line fence upon the owner of land used for farming purposes, whether inclosed or not, amending in that respect sec. 1391, R. S. Ch. 307, Laws of 1880, provides that " owners of lands who do not maintain and keep in repair lawful partition fences

shall not be entitled to recover any damages whatever for trespasses by the animals of owners of any adjoining lands with whom partition fences might have been maintained if such lands had been inclosed." Probably ch. 307 would defeat this action had not ch. 138 been enacted. If the plaintiff's pasture and meadow were not inclosed, under the provisions in force before the enactment of ch. 138 he could not have been compelled to maintain the line fence in question. Yet, in respect to trespasses committed by defendant's horses, ch. 307 would seem to place him in the same position as though the statute required him to maintain a line fence. But, however that may be, the two chapters of the Laws of 1880 are absolutely fatal to the plaintiff's alleged cause of action, for it is undisputed that he did not maintain and keep in repair a lawful partition fence. The case was tried upon an erroneous theory, and the exceptions are sufficiently broad to reach it. The motion for a nonsuit should have been granted. That having been denied, a new trial should have been granted unconditionally.

*By the Court.*— The portion of the order from which the appeal is taken is reversed.