WALLS, Respondent, vs. CUNNINGHAM, Appellant.

*November 19—December 13, 1904.*

*Waters: Ownership of bed of stream: Presumptions: Evidence: Boundaries: Fences: Trespass: Statutes: Conditions precedent.*

1. The owner of the bank of a stream presumably owns the bed thereof to the thread of such stream subject to public rights.
2. In such case, some clear evidence to the contrary is necessary to rebut that presumption, and mere evidence of the convey-ance of all of a certain tract of land on a specified side or bank of such stream, or of land giving the meander line of such stream as a boundary, is not sufficient.
3. Plaintiff and defendant owned, occupied and used lands separated by a stream. The holding of each was enclosed on all sides, except along that stream, and no proceedings were ever taken by either for the establishment and partition of the line for a division fence between their holdings. Plaintiff's cattle escaped from his pasture to that of defendant's on the opposite side of the stream, where they were distrained, and plaintiff thereupon brought action to recover possession of the cattle. *Held,* under sec. 1391, Stats. 1898 (making the maintenance of division fence between owners of adjoining land obligatory, and providing that a land owner who does not comply therewith shall not be entitled to damages for any trespass), and sec. 1395 (applying to cases where the division line is the thread of a river and it is impracticable to maintain a fence thereon), that compliance with such statutes was a condition precedent to damages for a trespass, such as the defendant sought to redress by distraining the cattle.

APPEAL from a judgment of the circuit court for Richland county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

Action by one of two adjoining landowners to recover of the other some cattle belonging to the former, which the latter had distrained while trespassing on his land, they having escaped from the land of such other to that of his at a point where there was no division fence.

Plaintiff's right to recover turned on whether the statutes on the subject of division fences applied to such a situation as the division line in question.

The case was tried by the court. It was admitted, or the evidence established these facts: Plaintiff's land is described as "all the south half of the southwest quarter of section three lying on the west bank of Pine river, and all of the southwest quarter of the southeast quarter of section three which lies west of Pine river. Also commencing at the northwest corner of section ten, thence east to Pine river, thence down the west bank of said river to the south line of the north half of the northwest quarter of said section, township eleven, range one, east, in Richland county." Defendant's land is situated opposite plaintiff's and is described thus: "Commencing on the southwest corner of lot one in fractional block three in the village of Rockbridge, thence running west to the channel of Pine river, thence up said channel north to the Austin branch; thence up said branch to the centre of Pine river road; thence southeast in the center of said road, etc., subject to flowage of said lands by reason of the milldam at such height as was established when the mill at Rockbridge was running at full head, not exceeding eight feet at the dam at an ordinary stage of water." The mill was practically in ruins and the dam ceased to exist some years before the date of the alleged trespass. The lands were used by the respective parties for farming purposes. No proceedings were ever taken by either for the establishment of the line for a division fence between their holdings, and a partition of such line.

Each holding was inclosed on all sides, except along the river. The owners had used their lands in that condition for some years. The plaintiff's cattle escaped from his pasture to that of the defendant on the opposite side of the river, where they were taken up by the latter. Cattle had been accustomed to pass back and forth from one pasture to the other in the same manner. In case of a restoration of the dam the back water therefrom would cover a considerable part of defendant's land. The maintenance of the fence along the bank of the river would be a matter of considerable difficulty because of the banks being so low that the fence would be at times submerged and destroyed.

The decision was to this effect: The lands of the parties are adjoining lands within the meaning of sec. 1393, Stats. 1898. The word "river" in sec. 1395 of such statutes includes Pine river. No proceedings were taken under such statutes and no decision of fence viewers obtained as to where the partition fence should be built between the holdings of the parties, or that such a fence was impracticable, therefore the escape of cattle belonging to one owner across the division line between his land and his neighbor's to the land of the latter, gave to such neighbor no right of action for trespass. Pursuant thereto judgment was rendered for the plaintiff and defendant appealed.

The cause was submitted for the appellant on the brief of *F. W. Burnham,* and for the respondent on that of *Richmond & Lincoln.*

MARSHALL, J. The first proposition presented, though it is not distinctly stated, is that the finding that the lands of the parties were adjoining lands within the statutes on the subject of division fences, is wrong. Authority is cited to show that one deemed to be the owner of the bed of a navigable stream to the center line thereof on one side as incident to ownership of the shore on that side, may convey the bank

so as to sever title thereto from the bed, putting the ownership of the latter in one and of the former in another. *Norcross v. Griffiths,* 65 Wis. 599, 27 N. W. 606. The principle contended for is sound, but the evidence here supports the trial court's view that no such severance was accomplished. The owner of the bank of a stream presumably owns the bed thereof to the thread of such stream subject to public rights. Some clear evidence to the contrary in any case is necessary to rebut that presumption. Mere evidence of the conveyance of all of a certain tract of land on the specified side or bank of a stream, or of land giving the meander line of a stream as a boundary, is not sufficient, as is clearly indicated in *Norcross v. Griffiths, supra.* There the evidence was much stronger in favor of the claim that the water's edge, and not the center of the stream, was the boundary line than in this case, and yet the latter was held to be the true boundary. The land was described by metes and bounds. The river was not mentioned. The proof showed that the boundary on the side towards the river included the whole of the bank. The claim was made that, since it was competent to convey the bank separate from the bed of the stream, the stream was not mentioned and no specific boundary was given other than one coinciding with the ordinary water's edge, it should be held that the parties did not intend the description to include land reaching further than such line. The court decided that the circumstances were not sufficient to rebut the presumption heretofore mentioned.

It being conceded, or established by evidence, that the lands in question were occupied and used by the respective owners and were adjoining lands within the meaning of the statutes as to division fences there was no escape from the conclusion arrived at, that compliance with such statutes was a condition precedent to damages for a trespass, such as the defendant sought to redress by distraining the cattle. Such is the obvious effect of the statutes as ruled in *Roach v. Law-*

*rence,* 56 Wis. 478, 14 N. W. 595.     Sec. 1391 makes the maintenance of division fences in such a case obligatory and provides that a landowner who does not comply therewith shall not be entitled to damages for any trespass, which such maintenance is designed to prevent.     Sec. 1395 applies to a case where the division line is the thread of a river and it is impracticable to maintain a fence thereon.     It provides that when the boundary line is a river, which of itself is not a sufficient fence, and it is impracticable, without unreasonable expense, for a fence to be built on the division line, and either owner or occupant shall refuse to join in making a partition fence on either side thereof, or they disagree respecting the same, either "may apply to two or more fence viewers of the town, who, after giving notice as provided in sec. 1393, shall proceed to view such river; . . . and if they shall determine that the same is not a sufficient fence and that it is impracticable, without unreasonable expense, to build a fence on the true boundary line they shall, in writing under their hands, determine how or on which side thereof the fence shall be built or whether partly on one side and partly on the other, and assign to each owner or occupant his share thereof and the time within which the respective parties shall build the same, and file such determination in the office of the town clerk, who shall record the same. . . . If said fence viewers shall determine that it is impracticable, either from the formation of the banks of such river, . . . or from any other cause, to maintain any fence along or near said boundary line they shall give written notice to the parties of such determination."

*By the Court.*—The judgment is affirmed.