COON *against* SNYDER.

Where, in a cause in a Justice's Court, a *venire* is demanded by either party, the Justice may deliver it himself to the constable, to be executed; but if he delivers it to the party, and he does not appear at the time to which the cause was adjourned for trial, and the *venire* is not returned, the Justice may consider the suppression of the *venire* by the party, as a waiver of a trial by jury, and proceed to hear and decide the cause himself, as if no *venire* had been demanded or issued.

IN ERROR, on *certiorari*, to a Justice's Court. *Snyder* sued *Coon* before the Justice, and, after issue joined, *Coon* required an adjournment, and gave security. He demanded a *venire*, which was issued and delivered to him. On the day appointed for the trial, *Coon* did not appear, nor was the *venire* returned, nor did a jury appear. The Justice proceeded to try the cause, and gave judgment for the plaintiff below.

*Per Curiam.* It is not pretended, that there was any other irregularity in the proceedings than this : that the Justice himself tried the cause, after a *venire* had been called for, and issued.

The statute gives to either party the right of electing to have a trial by jury. It was competent to the Justice to deliver the *venire* to the constable himself; and he was not bound, as is erroneously supposed by some, to deliver it to either party. Here, however, he did deliver it to the defendant below, who, undoubtedly, suppressed it, *mala fide,* and for the very purpose of preventing a trial. We are of the opinion, that the Justice had a right to consider him as waiving the trial by jury ; and, although the Justice might have issued another *venire,* he was not bound to do so. The defendant's conduct was fraudulent. The presumption is, that he had no defence ; and to permit him to avail himself of the objection, that he was deprived of the benefit of a trial by jury, would be to allow him to take advantage of his own wrongful act. His election to have a trial by jury, was renounced by his suppressing the *venire.* On a careful examination of the cases on this subject, it will be seen, that the result to which we have come is in accordance with the spirit of the decisions. (2 *Caines' Rep.* 137.  7 *Johns. Rep.* 198.  8 *Johns. Rep.* 460.)

Judgment affirmed.