## STONE VS. DONALDSON.

1. STATUTE — FENCES AND FENCE VIEWERS. The act "concerning fences and fence viewers," and the "act to permit certain animals to run at large" (Statutes of Terr. Wis. 114 and 117), were repealed by chapter 3 of the act of February 18, 1841, giving to the electors of each town, at their town meeting, "power to make such rules and regulations for ascertaining the sufficiency of all fences in such town, and for determining the time and manner in which cattle, horses, etc., shall be permitted to run at large ; whether the town has acted on the subject or not."

2. LIABILITY OF OWNER OF ANIMALS. Where no regulation has been made on the subject under the act of 1841, parties have all their common law rights and remedies ; and a party who sues for damages for the breaking and entering his close by the animals of another, may recover although it appears that it was not inclosed by a sufficient fence. *Harrison v. Brown,* 5 Wis. 27.

ERROR to the District Court for *Milwaukee* County.

*Donaldson* sued *Stone* in an action of trespass, for breaking and entering his close by his cattle, etc., and destroying his corn there growing. *Stone* pleaded not guilty, accompanying the plea with a notice that he would show that the fence around the plaintiff's close was not a lawful one, and was not four feet and a half high.

The plaintiff recovered judgment before the justice and the defendant appealed to the district court. The ruling complained of upon the trial in the district court, is stated in the opinion of this court.

*Jonathan E. Arnold,* for plaintiff in error. The statutes of Wisconsin, 114, prescribe what shall be a lawful fence, that it shall be four and a half feet high, and at page 117 it is provided that the owner of animals shall not be liable for trespass unless the premises are inclosed by a lawful fence. The statute has taken away the common law right of recovery in such cases. The town law of Feb. 18, 1841, is but a naked grant of power to the electors of the town, and until they act under it, the old statute controls. Such laws prevail

in most of the western States, and have been sustained by the courts.

*H. N. Wells,* for defendant in error. 1. At common law the plaintiff could recover. This is conceded. We deny that the statute has taken away the common law right of recovery. The township act, giving to the several towns the power to regulate the height of fences, and determine what animals shall run at large, and during what seasons of the year, is a virtual repeal of the statute relied on by the plaintiff in error. The statute does not however, authorize individuals to depasture the highway with their cattle, and if such a construction could be put upon it, then it is unconstitutional.

2. That the public acquire only a right of passage, and that the soil, timber and herbage belong to the owner of adjoining land has been long and well settled. Cowen's Treat. 380, 387, and cases there cited. The legislature has no right to regulate fences and authorize cattle to run at large, and make them free commoners on the public highway.

MILLER, J. The defendant in error originally instituted this action of trespass before a justice of the peace of Milwaukee county. The defendant appealed to the district court of said county, where a verdict and judgment were rendered against him. The trespass complained of · was the breaking plaintiff's close, and destroying his corn, by defendant's cattle. At the trial conflicting evidence was given respecting the height of plaintiff's fence, the question being whether it was four and one-half feet high.

The court was requested to charge the jury : "That if they believed that, at the time of the alleged trespass, the fence inclosing the plaintiff's field was less than four feet and one-half high, then said fence was not a legal fence, and by law the plaintiff could not recover." This instruction was refused by the court, and the defendant assigns

this as the only error on which he relies in this court. Two other assignments of error were abandoned by the counsel, and consequently, do not require any consideration.

This instruction was asked for, on the supposition that the "act concerning fences and fence-viewers" and the "act to permit certain animals to run at large," on pages 114 and 117 of the statutes, were in force in Milwaukee county; but such is not the case. "An act to provide for the government of the several towns in this Territory, and for the revision of county government," approved Feb. 18, 1841, is in force in said county. The third section of chapter 3 of said act allows to the electors of each town, among other things, at their town meetings, power "to make such rules and regulations for ascertaining the sufficiency of all fences in such town; for determining the time and manner in which cattle, horses, sheep or swine shall be permitted to run at large," etc. By this act the legislature conferred the control of this subject upon the people, and thereby, the acts referred to in the Revised Statutes have been annulled. The acts referred to are annulled or virtually repealed, whether the towns should ever act upon the subject or not. They may do it or not, at their pleasure, and where no regulation has been made according to the provisions of the act of February, 1841, the citizens are not restrained of their common law rights or remedies. *Bush v. Brainard,* 1 Cow. 78.

In this decision of the district court there was no error, and the judgment must be affirmed, with costs.