CHRISTOPHER ROCHE, Plaintiff in Error,

*vs.*

THE MILWAUKEE GAS LIGHT COMPANY, Defendant
in Error.

ERROR TO MILWAUKEE COUNTY COURT.

The Milwaukee Gas Light Company was authorized by contract with the city of
Milwaukee, to erect lamp posts upon the sidewalks; the company erected the
posts, managed and controlled, cleaned and repaired them; held, that this was
sufficient title and possession to enable the company to maintain trespass for an
injury done to them.

If an injury to a lamp post belonging to the Milwaukee Gas Light Company, occur
solely from the bad condition of the street, without any fault on the part of the
defendant, an action cannot be maintained for such injury.

In an action by the Milwaukee Gas Light Company, brought for injury done to one
of its lamp posts, the bad condition of the street, by reason whereof the defend-
ant's wagon unavoidably slipped round against the post and broke it, is a good
defence; and is equally valid against the company, as it would be against the
city, were the latter the owner of the post and the plaintiff in the action.

THIS was an action of trespass for breaking down a lamp
post of the defendant in error, in the city of Milwaukee. The
plea was the general issue with notice of several matters of jus-
tification. The action was brought before a justice of the peace,
where judgment was rendered against the plaintiff in error, de-
fendant below, who appealed to the County Court, where a trial
was had at the April term, 1856.

On the trial, the plaintiff below gave in evidence, that in Jan-
uary, 1856, a cast iron lamp post, standing on the sidewalk, at
the corner of Mason and East Water streets, in the city of Mil-
waukee, was broken. The plaintiffs below had the manage-
ment and control of the post; they cleaned and repaired it, and
lighted the lamp. It was a public lamp post, and was to supply
a public lamp used for lighting the street. The city paid rent
for it to the plaintiffs. A new post was put up by the plaintiffs
below in place of the one broken down. A witness testified that

the defendant admitted that he had broken down the post, but that it was not his team that broke it : that he took the reins because he thought the other man in the wagon could not drive through. The post was firmly set three feet in. the ground. It also appeared by a written contract between the city of Milwaukee and John Lockwood, that the former had granted to the company the privilege of putting down pipes, erecting posts, &c. The post was on the sidewalk, corner of East Water and Mason streets.

The plaintiffs here rested, and the defendant moved for a nonsuit, on the ground that the plaintiff had not shown sufficient title or possession to the post, it being a fixture, and a part of the realty, and the plaintiffs had not showed any authority to erect said post on the sidewalk. The motion was overruled, and the defendant excepted.

The defendant then called a witness who testified that he was present when the lamp post was broken. The weather was cold, and the streets were slippery and full of ice. The market place was full of teams. The witness and the defendant were coming down Mason street in a wagon, and wanted to go to Market place. They wanted to drive through on the right hand side, but the street being full of wagons, they had to go on the left hand side of the street; as they attempted to drive through on the left side, the hind part of the wagon slewed round and struck the lamp post. The witness was driving down Mason street, and was driving when the wagon commenced to slew. As the witness was not much acquainted with driving, the defendant took the reins out of his hands; this was after the wagon commenced slipping, and when the hind part of the wagon was some six to ten feet from the post: about a minute or a second after the defendant seized the reins, the post fell, being struck by the hind part of the wagon, driving on a walk. The defendant also gave in evidence an ordinance to prevent nuisances on the sidewalk.

The evidence being closed, the judge charged the jury as follows: " In my view it is perfectly immaterial who held the reins of the horse at the time when the injury complained of

was committed; the evidence of the defendant's having been in the wagon at the time of the trespass, is sufficient to make him a joint trespasser, and as such liable to the plaintiffs;" to which ruling the defendant excepted. The defendant also excepted to another portion of the charge, to the effect that the plaintiffs had shown a sufficient property to maintain the action.

The defendant asked the judge to charge the jury, "that whatever would be a defence against the city, in case the lamp-post in question belonged to, and this action had been brought by the city, on the ground that the alleged trespass was owing solely to the bad condition of the street, and not to any fault of the defendant, would also be a defence in this action against the present plaintiff;" which was refused by the judge, and the defendant excepted.

The jury returned a verdict of $27.50 in favor of the plaintiff below, whereupon the defendant moved for a new trial, on the ground that the judge erred in the instructions given to the jury, and that the verdict was contrary to the evidence; and that it was rendered on insufficient evidence; which motion was denied by the court and the plaintiffs excepted. Judgment was accordingly rendered on the verdict.

*Smith & Salomon*, for the plantiff in error.

*M. H. Finch*, for the defendant in error.

*By the Court*, COLE, J. In disposing of this case we do not deem it necessary to enter upon an examination of the law applicable to fixtures, as that question is not involved here. It must be conceded that the city of Milwaukee unquestionably had the right to permit the Gas Light Company, or the assignor of the company, to set up and establish at proper places along the streets of the city, public lamp posts. These posts were to be used in lighting the streets of the city, an object not only consistent with the public easement, but highly advantageous to

and necessary for, the full enjoyment of the easement on the part of the public. The streets were thus rendered more safe and passable at night than they otherwise would have been. In the present case the city gave the assignor of the company, by a contract in writing, " the exclusive right and privilege to make all the necessary excavations, and lay pipes for the purpose of conducting gas through or under any and all the streets, lanes, alleys, sidewalks, highways or commons, in said city," provided that all excavations so far as regards the laying of the pipe, were to be made under the directions of the city authorities, and with the least inconvenience to the public interest; and said assignor agreed, among other things, to furnish the city with good gas for all the public lamps that might from time to time be placed on any of the lines of pipe laid through the city at the rate of $2.50 per thousand cubic feet. The lamp post in question, it seems, was erected and kept in order at the expense of the company. The company had the management and control of it; cleaned and repaired, furnished gas for the lamp, lighted it and were paid by the city for the gas burnt therein; and the post was, we think, to all intents and purposes the property of the company, and in their possession. Under such circumstances, can there be a reasonable doubt of the right of the company to maintain an action of trespass for the willful or negligent injury to the post? None whatever. This disposes of the first point made by the counsel for the plaintiff in error, viz: that the company could not maintain the action without showing possession or title to the soil where the lamp post was placed.

The next point is, that the court below erred in refusing to give the following instruction: " That whatever would be a defence against the city, in case the lamp post in question belonged to, and this action had been brought by the city, on the ground that the alleged trespass was owing solely to the bad condition of the street, and not to any fault of the defendant, would also be a defence in this action against the present plaintiff."

This instruction was proper, and should have been given. The witness, Bessel, testified that he was present in the wagon when the lamp post was broken; that they were going through

Market place; that the street was full of teams; that the weather was cold, and the streets slippery and full of ice; that in attempting to drive along on the left side of the street the wagon began to slide some six to ten feet from the post, and the ground being descending, the hind part of the wagon slipped around and struck the post and broke it. The company standing in the same relation to the defendant below that the city would have stood had it owned the post and brought the suit, in view of the above testimony, it became material for the jury to determine whether the injury was done without any fault of the defendant, while driving along the street with ordinary care and prudence, solely in consequence of the slippery and bad condition of the streets. If the injury was the result of an inevitable accident, happening because the street was crowded, slippery and uneven, while the defendant was exercising proper care in driving, that was a good defence to the action.

Furthermore, we are of the opinion that a portion of the charge given to the jury is not entirely free from objection. The court instructed the jury that "it was perfectly immaterial who held the reins of the horse at the time when the injury complained of was committed; the evidence of the defendant's having been in the wagon at the time of the trespass was sufficient to make him a joint trespasser, and as such liable to the plaintiffs."

If it appeared from the evidence that the defendant was a mere passenger in the wagon, having no interest whatever in it, or in the horse, and neither aiding, nor in any manner consenting to the trespass, could he be held liable? I think not. *Richardson vs. Emmerson*, 3 *Miss.* 319; *Davey vs. Chamberlain*, 4 *Esp. N. P.* 229.

The judgment of the court below must be reversed, and a new trial ordered.