JAMES McDONNELL vs. PITTSFIELD & NORTH ADAMS RAIL-
ROAD CORPORATION.

Berkshire.    September 8. — 26, 1874.    MORTON & ENDICOTT, JJ.,
absent.    COLT, J., did not sit.

Animals which escape from the control of persons having charge of them on a high-
way and enter an unfenced lot abutting thereon, without the knowledge or consent
of the owner thereof, are not lawfully upon the lot.

A railroad corporation is not liable for killing animals which being unlawfully upon a
lot of land go thence upon its track, and are there killed by a passing train, al-
though it was the duty of the corporation to maintain a fence between its track
and said lot, and it did not do so, unless the killing was wanton or malicious.

TORT to recover for the loss of two colts which were run over
and killed by the defendant's engine.    At the trial in the Superior
Court, before *Brigham*, C. J., the following facts appeared :

The colts, being on the highway, in the care of the plaintiff's
son, escaped from his control, and, the fence being insufficient,
entered, without the consent of the owner, a lot known as the
Wells lot, and passing over that entered upon the track of the
defendant's railroad and were there struck by the engine of a
passing train and killed.    There was no fence between the Wells
lot and the railroad.    At the trial the question whether it was
the defendant's duty to maintain a fence between its track and
the Wells lot was gone into, but the point on which the decision
turns makes its consideration immaterial.

The defendant asked the court to instruct the jury : " That the
defendant is not liable for an injury to horses coming on the rail-
road through the land of Wells, if the horses were not on the
land of Wells with the knowledge or consent of its lawful occu-
pant."    This instruction the presiding judge refused to give, the
jury returned a verdict for the plaintiff, and the defendant alleged
exceptions.

*J. M. Barker*, for the defendant.

*J. C. Wolcott & A. J. Waterman*, for the plaintiff.

DEVENS, J.    We are not required to consider whether the de-
fendant is under an obligation to maintain a fence between its
road and the Wells lot, as even if we assume that it is under such
an obligation, the plaintiff is not in such a situation that he can
complain of the neglect to maintain the fence.

If the railroad corporation is obliged to fence as against the Wells lot, this, so far as that lot is concerned, is only for the protection of the owner or rightful occupier thereof.   It is not obliged to fence for the benefit of landowners, whose lands do not adjoin its road, and whose cattle may stray thereupon through such lots, without the consent of its owner, by reason of the insufficiency of its fences.   In *Eames* v. *Salem & Lowell Railroad,* 98 Mass. 560, it was held that if the owner of animals permits them to be unlawfully upon lands from which they stray through an unsuitable fence to the track of an adjoining railroad, where they are killed by a passing train, the railroad corporation is not liable in damages, although the fence was one it was bound to make and maintain suitably.

The only ground, therefore, upon which the plaintiff can sustain his case is that his cattle were rightfully upon the Wells lot; and this his evidence wholly fails to show.   It is true that no action would lie by the owner of the lot for a trespass committed by the colts in entering upon his land, if they were properly managed upon the highway, and his fences were insufficient; which facts upon these exceptions must be deemed to have been so found by the jury.

The principle of the common law, which requires that each should keep his cattle on his own land, is so far modified as to hold the owner not liable for the trespass of his cattle which, passing along the highway, and being properly managed therein, casually wander into the unfenced lots bounding thereon, provided he removes them with reasonable promptness.   But the cattle are not in such case lawfully upon such lots.   They are there only under such circumstances that their trespass, being casual, and such as could not have been prevented by reasonable care, is held excusable, and this is all.   That they should be rightfully and lawfully upon land, the authority or consent of the owner of the close is necessary, and even if he is without a remedy for the injury they may cause him, the owner of the cattle does not acquire his rights as against the owners of adjoining closes.  If, after entering upon his close, they proceed into another adjoining thereto, they are there trespassers, and an action may be maintained for such trespass, by the owner of the second close, even if his fence was insufficient, and if he was also

bound to fence as against the owner of the first close. Being thus bound he is only bound to fence against cattle rightfully on the first close. *Rust* v. *Low*, 6 Mass. 90. *Stackpole* v. *Healy*, 16 Mass. 33.

In *Lord* v. *Wormwood*, 29 Maine, 282, cattle were considered to be lawfully in the highway, they being permitted to go at large and feed there, by vote of the town ; and being thus upon it, and having passed therefrom into the unfenced land of an adjoining proprietor, it was held that, although he might not be able to maintain any action, they were wrongfully upon such land, and having passed therefrom to and upon the plaintiff's unfenced lot not bordering upon the highway, he might maintain trespass, for he was under no obligation to fence as against them. This decision is in conformity with one of the cases considered by Chief Justice Parsons in delivering the opinion in *Rust* v. *Low*, *supra*, wherein he holds that if A. be bound to fence against B., and B. against C., and beasts escape out of the land of C. into the land of B. and thence into the land of A., A. may maintain trespass against C.

The colts in entering upon the lands of the railroad corporation were there trespassing, and while they could not be injured wantonly or maliciously, the defendants were entitled to run their trains according to the exigencies of their own business. *Maynard* v. *Boston & Maine Railroad*, ante, 458.

The case at bar is readily distinguishable from that of *Keliher* v. *Connecticut River Railroad*, 107 Mass. 411. There the cow, for the injury to which the action was brought, escaped from the lot, where it was rightfully pastured, by reason of the insufficiency of the fence which the defendants were bound to maintain, and passing over the land of a third person, found her way upon the track by reason of the insufficiency of the fence which the defendants were there also bound to maintain. It was not for them to object that she was wrongfully upon the land from which she entered upon their track, as her presence there was entirely owing to their own neglect of duty.

We are of opinion therefore that the instruction of the learned judge upon the point we have considered was erroneous.

*Exceptions sustained.*