JOSEPH PHILLIPS, Respondent, *v.* CHARLES H. COVELL, Appellant.

*Trespass by cattle — liability therefor — verdict of a justice's jury, not set aside to allow the recovery of nominal damages — objections to evidence first taken on appeal.*

It is the duty of the owner of animals to restrain them from entering upon the premises of others, and in case of his failure so to do, such owner is liable to respond in damages for the injury done, unless he can show that such entrance by the cattle was effected through the fault of the person claiming to be damaged.

Where there has been a trial in a Justice's Court before a jury, and a verdict has been rendered for the defendant, the judgment will not be reversed on appeal, merely to enable the plaintiff to recover nominal damages, even though the verdict may be against the evidence.

It is too late on an appeal for a party to urge the incompetency of evidence received without his objection upon the trial of the action.

APPEAL by the defendant, Charles H. Covell, from a judgment of the County Court of Wayne county in favor of the plaintiff, entered in the office of the clerk of the county of Wayne on the 20th day of February, 1893, upon the decision of the court reversing the judgment of a justice of the peace of the town of Sodus, Wayne county.

*J. W. Dunwell,* for the appellant.

*C. H. Ray,* for the respondent.

HAIGHT, J.:

This action was brought to recover damages for trespass on lands.

The plaintiff testified, in substance, that he knew the defendant's sheep in 1889; that they broke into his meadow in 1889, 1891 and 1892 a good many times; there were ninety or one hundred of them; that in 1892 they were in there three weeks, and they broke into his wheat field and meadow. He further testified that he was a farmer and that he knew the worth of the damages done; that they had damaged his meadow to the amount of ten dollars and his wheat five dollars.

His son, Charles Phillips, testified that he saw the sheep in his father's lot about the 15th of October, 1891; that they were there three or four weeks, and that there were eighty or ninety of them; that he cut hay on shares, and that on his part he had fourteen loads, and that his father on his part, where the sheep were, had but ten loads; that the sheep were in the meadow after the wheat was up; that he was a judge of the damages done, and that the damages to the meadow were ten dollars and to the wheat five dollars. To the same effect was the testimony of Frank Phillips and Merril Phillips. This was the evidence given on behalf of the plaintiff. No evidence was presented on behalf of the defendant. The jury rendered a verdict in favor of the defendant for no cause of action, upon which judgment was entered. An appeal was taken to the County Court where the judgment was reversed.

The undisputed evidence in the case showed a trespass upon the lands of the plaintiff by the sheep of the defendant variously estimated in numbers from sixty to one hundred. It appears that at times they were upon the meadow lands, and at other times upon

the wheat field of the plaintiff, and on one occasion after the wheat was up. It does not appear at what particular place they entered the plaintiff's inclosure. But, as we understand, it is the duty of the owner of animals to restrain them from entering upon the premises of others, and in case of failure so to do, he is liable to respond in damages for the injury done unless he can show that the entrance was effected through the fault of the person claiming to be damaged; as, for instance, where the entrance was through a defective fence which it was the duty of such person to maintain and keep in repair. (*Deyo* v. *Stewart*, 4 Den. 101.)

It is claimed that the plaintiff failed to prove any damages; that the testimony of the witnesses giving their opinion as to the value of the damages was improper and should be disregarded. Where there has been a trial in a Justice's Court before a jury and a verdict has been rendered for the defendant, the judgment will not be reversed on appeal merely to enable the plaintiff to recover nominal damages, even though the verdict may be against the evidence. (*Stephans* v. *Wider*, 32 N. Y. 351.) So that the question presented is as to whether the plaintiff was entitled to recover more than nominal damages. It is quite possible that the opinion given by the plaintiff's witnesses would have been incompetent had an objection been taken thereto, but no objection was made, and on an appeal it is too late for the defendant to urge the insufficiency of the evidence which was received without his objection. (*Knell* v. *Stephan*, 48 N. Y. St. Repr. 190; *McLaughlin* v. *O'Toole*, Id. 682; *Mead* v. *Shea*, 92 N. Y. 122–127.)

On referring to the facts, we think enough has been stated to show that the plaintiff was entitled to more than nominal damages. The sheep were upon his meadow lands a number of times; they were there from three to four weeks; one witness says from four to six weeks, and during this time must have pastured thereon. One witness testified that he cut fourteen loads of hay on his part of the meadow, and that his father only cut ten loads on his part where the sheep had been; that they were upon his wheat lot after the wheat was up. The habits of sheep, to run about over the lands and feed upon that which is growing, are well known and understood. The jurors doubtless had the right to disregard the opinions given by the plaintiff's witnesses, but in doing so they should have sub-

stituted their own judgment as to the damages sustained, and awarded a verdict therefor.

The judgment of the County Court appealed from should be affirmed, with costs.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment of the County Court of Wayne county appealed from affirmed, with costs.