ALLEN L. WOOD, Appellant, *v.* HYMAN SNIDER, Respondent.

*Drover of cattle on a highway — liability to owners of unfenced abutting land and of unfenced land not abutting upon the highway on which the cattle run.*

When cattle, while being driven along a highway, without fault on the part of the drover, escape from the highway upon the unfenced premises of an abutting owner and from thence upon the adjoining premises of another person, which latter premises are also unfenced, the drover, if he makes immediate pursuit of the cattle, is not liable to either of the landowners for the damages caused by the cattle.

APPEAL by the plaintiff, Allen L. Wood, from a judgment of the County Court of Monroe county in favor of the defendant, entered in the office of the clerk of the county of Monroe on the 24th day of July, 1905, affirming a judgment of a justice of the peace of the town of Brighton entered on the 1st day of February, 1905, dismissing the plaintiff's complaint.

Judgment affirmed, with costs, on opinion of SUTHERLAND, County Judge.

All concurred.

*Richard E. White*, for the appellant.

*George E. Warner*, for the respondent.

The following is the opinion of SUTHERLAND, County Judge:

SUTHERLAND, J.:

This action was brought to recover for damages to corn and strawberries growing upon the farm owned and occupied by plaintiff in the town of Brighton, which were trampled down and destroyed by some cattle which escaped from the highway along which they were being driven, and ran onto the premises of the plaintiff, doing the damage complained of. There were forty head in the drove of cattle which was passing along the highway, being driven from the place where they were unloaded from the cars, in the town of Brighton, to a slaughter house in Irondequoit. The defendant owned ten of the head in the drove.

It is conceded that the cattle were properly attended and that

their escape from the highway was not due to any actual negligence on the part of those driving them. At the point where the cattle left the highway the adjacent land is owned by one Busher. Plaintiff's land is just in the rear of Busher's land, there being no division fence between Busher and the plaintiff and no fence in front of Busher's land.

About half the drove escaped from their attendants, crossed Busher's land and entered upon the premises of the plaintiff, trampling down the corn and strawberry plants in such quantities as to do serious damage. The cattle were immediately pursued and driven back into the highway.

The common-law rule compelled each man to keep his cattle on his own land, and fences were designed to keep one's cattle at home rather than to keep the cattle of others out, and the owner was liable for the damage done by his cattle trespassing on the land of others. It does not seem that negligence had to be proved, but the liability was established by proof of the trespass. (*Tonawanda Railroad Co.* v. *Munger*, 5 Den. 255; and see note of Esek Cowen to *Bush* v. *Brainard*, 1 Cow. 78; *Angell* v. *Hill*, 45 N. Y. St. Repr. 83; *Rightmire* v. *Shepard*, 36 id. 768; 12 Am. & Eng. Ency. of Law [2d ed.], 1039, 1040.)

There is an exception, however, made under the common law in favor of one driving his cattle along the public highway; if such cattle while being so driven and properly attended escape without the driver's fault into the adjoining land, the owner is not made liable for the damage done if he makes fresh pursuit and all proper endeavors for the return of the cattle; and the reason for this exception arises out of the fact that the owner of the cattle may rightfully drive them along the public highway, and there is no obligation upon the owner of the cattle to fence the highway along which he expects to drive his cattle. Therefore, if, without fault on his part and owing to a lack of fences intervening between the lands trespassed upon and the highway, the cattle suddenly run from the highway into the adjacent lands, the owner of the cattle is not to be mulcted in damages if he makes fresh pursuit and proper endeavor to drive them back into the road. The contrary rule would make prohibitive the use of the public highway for the driving of cattle, and the owner of adjacent lands must pro-

tect them by fences if he seeks to be immune from all possible damage of that sort.

It is conceded by the appellant here that if his land had been immediately adjacent to the highway he could have had no claim against the owner of the cattle in question, and he rests his case upon a supposed distinction between the rights of the owner of land abutting on the highway and the owner of land not touching the highway; and there are some things said in the reported cases which give support to the appellant's contention. (See *McDonnell v. Pittsfield & North Adams Railroad Co.*, 115 Mass. 564.)

But such a distinction does not seem to be logical nor just when applied to the facts of this case. If the defendant is not liable for such damage as his cattle did upon Busher's land because the cattle escaped from the highway where they were lawfully being driven, why should the plaintiff have a cause of action? In one dash for liberty the destructive herd rushed, unimpeded by any fence or other obstruction, directly across the front strip owned by Busher and onto the land of Wood. The use of the highway by defendant was lawful; he was exercising all proper care and could not have prevented the entry of the cattle upon Wood's land any easier than he could their entry upon the land of Busher; and for the same reason that he is not liable to Busher for any damage done him he is free from obligation to the plaintiff in the absence of proof that the escape of the herd from the roadway was due to the lack of some reasonable precaution on the part of the defendant.

The judgment appealed from is affirmed, with costs.