ALLEN L. WOOD, Appellant, *v.* HYMAN SNIDER, Respondent.

DOMESTIC ANIMALS — COMMON-LAW RULE OF LIABILITY OF OWNER OF ANIMALS FOR TRESPASSES THEREOF — EXCEPTIONS TO RULE — WHEN OWNER LIABLE FOR TRESPASSES OF ANIMALS LAWFULLY DRIVEN ALONG PUBLIC HIGHWAY. Under the common law every owner of domestic animals is liable for their trespasses upon the lands of others, whether such lands are inclosed or not, except in two instances: (1) A person lawfully driving domestic animals along a public highway, who exercises due care in so doing, is not liable for injuries which they do by escaping from his control upon lands abutting upon the highway, if the animals are pursued and promptly removed, since such casual trespassing, although wrongful, is an inevitable incident to the right to use the highway, and if the owner of lands adjoining a highway leaves the same wholly unfenced, he thereby adds to the possibility of such casual trespass; and (2) where the owner of lands, choosing to let them lie open, shall serve upon the owners of adjoining lands written notice to that effect, the owners thereof shall not be liable for damages done by animals lawfully upon their premises going upon the lands so lying open or upon any other lands of the owner thereof through such lands so lying open (The Town Law, L. 1890, ch. 569, § 100 [as amd. by L. 1892, ch. 92] and § 101); but when cattle, being driven along a public highway, cross unfenced lands abutting upon the highway and trespass upon other unfenced lands adjacent thereto, but not abutting on the highway, the owner of such animals is liable for the damages caused thereby, notwithstanding there was no fence between such lands and the lands lying between them and the highway, since the owner of the lands so trespassed upon did not, by leaving his lands

unfenced, take the chances, without the right of recovery, for trespasses by cattle wrongfully upon the lands adjoining the highway and between the highway and his lands.

*Wood* v. *Snider*, 108 App. Div. 168, reversed.

(Argued October 25, 1906; decided January 8, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 24, 1905, affirming a judgment of the Monroe County Court, which affirmed a judgment of a Justice's Court dismissing the complaint.

The defendant and six other persons owned forty or fifty cattle in severalty, which were being driven along a public highway toward a slaughter house. The cattle were attended by their owners and others and without negligence on the part of the attendants they escaped from the highway and crossed the lands of one B. a distance of ten or twelve rods to and upon the lands of the plaintiff, a nurseryman, and thereby did the plaintiff substantial damage. They were immediately pursued by the attendants and driven from the plaintiff's land. No fence was maintained by B. between said highway and his lands, and no division fence was maintained between the lands of B. and the plaintiff. The defendant owned ten of said cattle. The plaintiff brought this action in Justice's Court to recover his said damages, and he insists that he is entitled to a judgment for such part of his damages as the number of defendant's cattle bears to the whole number of cattle that trespassed upon his lands. The defendant obtained a judgment in Justice's Court dismissing the plaintiff's complaint and such judgment was affirmed on appeal to the County Court of Monroe county, and on a further appeal to the Appellate Division. An appeal is taken to this court by leave of said Appellate Division.

*Richard E. White* for appellant. It is the duty of the owner of animals to restrain them from entering upon the premises of others. If he fails to do so, he is liable to respond

in damages for the injury done. (*Phillips* v. *Covel*, 79 Hun, 210; *Angell* v. *Hill*, 45 N. Y. S. R. 83; *T. R. R. Co.* v. *Munzer*, 5 Den. 255; *Cowles* v. *Balzer*, 47 Barb. 562.) The only exception to the rule is that where cattle are being driven along the highway and are properly managed, and they escape into unfenced land immediately adjoining the highway, the owner of the said land cannot maintain an action for damages, provided the cattle are driven from his land within a reasonable time. (*Tillett* v. *Ward*, L. R. [10 Q. B. D.] 11; *Goodwin* v. *Chevely*, 4 H. & N. 631; *T. R. R. Co.* v. *Munger*, 5 Den. 255; *Rightmire* v. *Shepard*, 36 N. Y. S. R. 768; 1 Arch. N. P. 535; Ingham Law of Animals, 280–282; 2 Waterman on Trespass, § 872.) The exception stated does not apply to the facts of this case, because the trespass was committed, not upon land which adjoined the highway, but upon land which was back of or beyond the land adjoining the highway. (*Harvey* v. *Gulson*, Noy, 107; *McConnell* v. *Pittsfield R. R. Co.*, 115 Mass. 564; *Rust* v. *Low*, 6 Mass. 90; *Stackpole* v. *Healy*, 16 Mass. 33; *Lord* v. *Wormwood*, 29 Maine, 282; Ingham Law of Animals, 280; Waterman on Trespass, § 872.)

*George E. Warner* for respondent. As a matter of law, the defendant cannot be held liable for any damage sustained by the plaintiff. (*Rightmire* v. *Shepard*, 36 N. Y. S. R. 768; *Rush* v. *Low*, 6 Mass. 90; *Stackpole* v. *Healy*, 16 Mass. 33; *McDonald* v. *P. R. R. Co.*, 115 Mass. 564.)

CHASE, J. In deciding whether the plaintiff is entitled to recover the damages done by the cattle as alleged it is necessary to consider the rules or principles which have long been established relating to the possession of real property by its owner.

Every person whose rights are unaffected by some statute, contract or prescription is entitled to the possession of his real property undisturbed and unmolested by others.

Every man's land is in the eye of the law inclosed and set apart from another's either by visible and material fences or

by an ideal, invisible boundary, and in either case every entry or breach carries with it some damages for which compensation can be obtained by action. (Waterman on Trespass, vol. 2, sec. 873.)

By the common law it was as unlawful for the beasts of a neighbor to cross the invisible boundary line as it would be to overleap or throw down the most substantial wall. (Cooley on Torts [3d ed.] 684.)

At common law every person was bound at his peril to keep his cattle within his own possessions, and if he failed to do so he was liable for their trespasses upon the lands of another whether the lands trespassed upon were inclosed or not. (Ingham on Animals, 258; Cooley on Torts, *supra;* 2 Am. & Eng. Encyc. of Law [2d ed.] 351; 2 Cyc. 392; Cowen's Treatise [4th ed.] sec. 536; *Bush* v. *Brainard,* 1 Cowen, 78 [see note]; *Tonawanda R. R. Co.* v. *Munger,* 5 Denio, 255; *Stafford* v. *Ingersol,* 3 Hill, 38; *Hardenburgh* v. *Lockwood,* 25 Barb. 9; *Angell* v. *Hill,* 45 N. Y. S. R. 83; *Wells* v. *Howell,* 19 John. 384; *Holladay* v. *Marsh,* 3 Wend. 142; *Phillips* v. *Covell,* 79 Hun, 210; *Clark* v. *Brown,* 18 Wend. 213; *Rust* v. *Low,* 6 Mass. 90; *McDonnell* v. *Pittsfield & N. A. R. R. Co.,* 115 Mass. 564; *Buford* v. *Houtz,* 133 U. S. 320.)

The rule was not founded on any arbitrary regulation of the common law, but was an incident to the right of property. It is a part of that principle which allows every man the right to enjoy his property free from molestation or interference by others. It is simply the recognition of a natural right. It pertains to ownership. (*Bileu* v. *Paisley,* 18 Oregon, 47.)

There is an exception to the common law rule stated in favor of a person lawfully driving domestic animals along a highway. If such person exercise due care in so doing, he is not liable for injuries which they do by escaping from his control upon the adjoining lands if they are pursued and promptly removed. (*Rightmire* v. *Shepard,* 36 N. Y. S. R. 768.)

It is sometimes necessary to drive cattle along public high-

ways and such use of highways is lawful. As cattle will sometimes stray even if reasonable care is used in driving them, the possibility of damage by their inadvertent and casual straying upon the lands adjoining the highway, is one of the necessary consequences of the enjoyment of the right to use the highway. It must, therefore, have been contemplated when the highway was laid out and established. Such casual trespassing is an inevitable incident to the right to use the highway, and where the owner of lands adjoining a highway leaves the same wholly unfenced, he thereby adds to the possibility of such casual trespass. (*Goodwyn* v. *Cheveley*, 28 L. J. 298 [Eng.]; 47 Justice of the Peace [Eng.] 513, Aug. 18, 1883; Ingham on Animals, 284.)

The rules of the common law in regard to cattle trespassing upon the lands of others have been recognized, approved and adopted in this and many states of the Union. They are not adopted in some of the states of the Union for the reason that they were inapplicable to the nature and condition of the country at the time such rules were first considered by the courts of such states. The great value of the lands of such states for pasturage, and the scarcity of materials for fencing, were the principal reasons for their courts holding that the rules of the common law were inapplicable. (*Buford* v. *Houtz*, 133 U. S. 320.)

Fence laws have been adopted in this and other states which materially affect the question of the rights of parties when cattle trespass upon lands from other lands in which they are rightfully allowed to roam. .

Where by statute or otherwise an obligation rests upon an owner of real property to fence the same, such obligation extends only in favor of persons owning domestic animals which are rightfully on adjoining lands. It is a principle of the common law universally recognized where the common law prevails that owners of real property are not obliged to fence but against cattle which are rightfully on the adjoining lands. (See cases and authorities . cited above.) The statutes of this state are drawn in recognition of this rule.

The Railroad Law (Laws of 1890, chap. 565, sec. 32, as amended by chap. 676 of the Laws of 1892) provides that every railroad corporation shall erect and maintain fences on the sides of its road of height and strength sufficient to prevent cattle, horses, sheep and hogs from going upon its road from the adjacent lands. And it further provides that no railroad need be fenced when not necessary to prevent horses, cattle, sheep and hogs from going upon its track from the adjoining lands.

The duty to fence their tracks imposed upon railroad companies by statute is the same imposed upon individuals by prescription, at common law or by statute, and requires them to fence their tracks only against domestic animals rightfully on the adjoining lands or rightfully on the highway. (12 Am. & Eng. Ency. of Law [2d ed.] 1084; see, also, vol. 16, 494; *Lee* v. *Brooklyn Heights R. R. Co.*, 97 App. Div. 111.)

The fence law of this state provides : " Each owner of two adjoining tracts of land, except when they otherwise agree, shall make and maintain a just and equitable portion of the division fence between such lands, unless one of such shall choose to let his lands lie open to the use of all animals which may be lawfully upon the others lands, and does not permit any animals lawfully upon his premises to go upon lands so lying open. * * *." (The Town Law [Laws of 1890, chap. 569], sec. 100, as amended by Laws of 1892, chap. 92.)

It further provides : " When the owner of any lands shall choose to let them lie open, he shall serve upon the owners of the adjoining lands a written notice to that effect, and thereafter the owners of such adjoining lands shall not be liable in any action or proceedings, for any damages done by animals lawfully upon their premises going upon the lands so lying open or upon any other lands of the owner thereof through such lands so lying open. * * *." (The Town Law, sec. 101.)

The exclusive right of possession incident to the ownership of real property extends to all owners including the owners of real property adjoining a highway. Because it is neces-

3

sary at times to drive cattle along a highway, and they cannot be so driven without exposing the owners of real property adjoining the highway to an inevitable risk, such risk, as we have seen, is incident to the use of the highway and a burden upon such adjoining lands.

The exception to the common-law rule that, prevents the owner of lands adjoining a highway from recovering damages for an inadvertent trespass of cattle from such highway, is only applicable in favor of owners of cattle lawfully upon the highway, and the reason for the exception to the rule does not apply where the cattle trespassing upon adjoining lands were unlawfully in the highway, neither does it extend to trespasses upon lands other than those adjoining the highway.

Cattle coming upon lands of an adjoining owner from a highway can be driven from such lands by the owner, and it is the duty of the owner of the cattle to remove them with all reasonable speed.

A recovery for an inadvertent trespass by cattle lawfully on the highway is not denied, because the cattle are lawfully upon the lands adjoining the highway, but the exception to the rule is, as we have also seen, an arbitrary and artificial one arising from necessity or an effort to relieve persons engaged in a lawful traffic on a public highway from too heavy a burden, and goes only to the extent of depriving such owner of lands adjoining the highway of a remedy by action for such trespasses. The cattle are not lawfully upon such adjoining lands, and if they trespass upon lands of another after crossing the lands so adjoining the highway, they do so from a place where they had no right to roam; and as an owner of lands, even where division fences are required by statute or prescription, is not required to fence against cattle not rightfully upon the adjoining lands, the plaintiff is not deprived of his remedy for the trespass of the defendant's cattle. The exception to the rule relating to the remedy for trespasses by cattle has never been extended, so far as we are aware, to prevent the recovery for a trespass by cattle wrongfully on a

highway, or wrongfully on lands adjoining those upon which damages are claimed for trespass. The plaintiff in this case, by leaving his lands unfenced, did not take the chances without the right of recovery for trespasses by cattle wrongfully upon the lands adjoining the highway and between the high way and his lands. The limitation on the exception to the rule of the common law relating to trespass upon real property has been stated by the courts so far as appears from the reports whenever the question has been squarely presented.

In 1604, in the case of *Harvy* v. *Gulson* (Hil. 1 Jac. C. B.), reported by William Noy (Eng.), in 1669, and found at page 107 of his volume of reports, the Hilary Term James I Common Pleas Court said: "That if A hath a Close next to the Highway and beasts come out of the Highway into the Close of A, and there —hence they enter into another Close of B adjoining and that B ought to fence, There in default of enclosure, etc., it is a good plea against A, but not against B or another stranger etc." VE: 36, H. 6 Barr 168.

In *Lord* v. *Wormwood* (29 Maine, 282), cattle were lawfully in the highway, they being permitted to go at large and feed there, by vote of the town; and being thus upon it, and having passed therefrom into the unfenced land of an adjoining proprietor, it was held that, although he might not be able to maintain any action, they were wrongfully upon such land, and having passed therefrom to and upon the plaintiff's unfenced lot not bordering upon the highway, he might maintain trespass, for he was under no obligation to fence as against them.

In *McDonnell* v. *Pittsfield & North Adams R. R. Corporation* (115 Mass. 564) the defendant was sued for the value of two colts run over and killed by one of its engines. The colts were on the highway in the care of the plaintiff's son, and escaped upon the lands of one Wells adjoining the highway, and from the lands of Wells entered upon the defendant's right of way and were there killed. The court say:

"The principle of the common law, which requires that

each should keep his cattle on his own land, is so far modified as to hold the owner not liable for the trespass of his cattle, which, passing along the highway and being properly managed therein, casually wander into the unfenced lots bounding thereon, provided he removes them with reasonable promptness. But the cattle are not in such case lawfully upon such lots. They are there only under such circumstances that their trespass, being casual, and such as could not have been prevented by reasonable care, is held excusable, and this is all. That they should be rightfully and lawfully upon land, the authority or consent of the owner of the close is necessary, and even if he is without a remedy for the injury they may cause him, the owner of the cattle does not acquire his rights as against the owners of adjoining closes. If, after entering upon his close, they proceed into another adjoining thereto, they are there trespassers, and an action may be maintained for such trespass, by the owner of the second close, even if his fence was insufficient, and if he was also bound to fence as against the owner of the first close. Being thus bound he is only bound to fence against cattle rightfully on the first close. (*Rust* v. *Low*, 6 Mass. 90; *Stackpole* v. *Healy*, 16 Mass. 33.)"

It thus appears both upon principle and from precedent that the owners of the cattle were liable to the plaintiff for any damage which he has sustained.

From the record it could be found that the cattle were all upon the plaintiff's land and that they did equal damage to him, if so the defendant was liable for such part of the damage done by all the cattle, as the number of cattle owned by him bears to the whole number of cattle trespassing upon the plaintiff's land. (*Partenheimer* v. *Van Order*, 20 Barb. 479.)

The judgment in each court should be reversed, with costs in all the courts.

CULLEN, Ch. J., EDWARD T. BARTLETT, WERNER and WILLARD BARTLETT, JJ., concur. GRAY, J., absent. HISCOCK, J., not sitting.

Judgment reversed.