METROPOLITAN CASUALTY INSURANCE COMPANY, Respondent, vs. CLARK and another, Appellants.

*February 1—February 21, 1911.*

*Common law: Changes: Animals: Liability of owner for trespasses: Runaway on street: Negligence.*

1. Viewed objectively and at large as a system of principles deducing from litigated instances just, reasonable, and consistent rules of decision suitable to the genius of the people and to their political, social, and economic conditions, the common law never changes; but the rules so deduced are subject to change in detail to conform with progress and change in such conditions.
2. The common-law absolute liability of the owner for trespasses of cattle escaping from his field is in force in this state, modified by statute.
3. This absolute liability for trespass of such animals does not exist where, being lawfully driven along the highway, they escape from the custody of the owner. In such a case the owner is liable only if negligent.

APPEAL from a judgment of the circuit court for La Crosse county: JAMES WICKHAM, Judge. *Reversed.*

*J. E. Higbee,* for the appellants.

For the respondent there was a brief by *Bunge & Bosshard,* and oral argument by *George W. Bunge.*

TIMLIN, J.   The plaintiff corporation executed a policy of plate glass insurance on property abutting upon a highway. The plate glass was broken by defendants' team of horses, which, running away, dashed into the plate glass window. The plaintiff replaced the plate glass at an expense of $104, took an assignment of their right of action against the defendants from the owners of the plate glass window, and brought this action for damages, charging the defendants in two separate counts with trespass and with negligence.

The jury by its verdict acquitted the defendants of negligence. There was, however, uncontroverted proof that the

defendants owned the horses and that there was damage done to the amount of $104. Allowing the verdict to stand, the circuit court rendered judgment for the plaintiff for this sum on the ground that defendants, being the owners of the horses, were liable for the damage caused by such horses without any negligence on the part of the owners, deducing this rule of liability from *Chunot v. Larson,* 43 Wis. 536; *Pettit v. May,* 34 Wis. 666; *Bulpit v. Matthews,* 145 Ill. 345, 34 N. E. 525, 22 L. R. A. 55; *Wood v. Snider,* 187 N. Y. 28, 79 N. E. 858; *Hazelton v. Week,* 49 Wis. 661, 6 N. W. 309; 2 Cyc. 376.

It appeared that the horses were in charge of an experienced driver, but took fright, became unmanageable and beyond the control of the driver, and ran away, all in the highway, and in their flight on the street they ran upon the sidewalk in front of the building in question and into the plate glass window.

The case is presented with commendable industry and ability. The appellants attack and respondent defends the ruling of the court below, each appealing to what he terms common-law rules in support of his position. That law being in a degree progressive, the term "common law" is somewhat ambiguous, for the common law of the seventeenth century is not in all details that of the nineteenth, nor the common law of England in all details that of the United States, nor the common law of one state in all details that of another. This difference in detail is frequently all-important and decisive of the particular case under consideration. The constitution of this state (sec. 13, art. XIV) provides that such parts of the common law as are now (1848) in force in the territory of Wisconsin not inconsistent with this constitution shall be and continue part of the law of this state until altered or suspended by the legislature. Viewed objectively and at large as a system of deducing from litigated instances just, reasonable, and consistent rules of decision suitable to the genius of the people and to their political, social, and economic condi-

tions, the common law never changes; but with reference to the rules so deduced we may say with Francis Bacon: "As waters do take tincture and taste from the soil through which they run, so do laws vary according to the region where they are planted though they proceed from the same fountains."

A rule of the common law which has come down to us practically unchanged made it the duty of every man to keep his cattle (herbiverous domestic animals) within the limits of his own possessions. If he failed to so keep them he failed in duty, and when they strayed upon the land of another the owner was chargeable with a trespass. Nor did his liability for the mischief done by them depend in any degree upon his personal fault, since, if the cattle escaped from his custody notwithstanding due care on his part, his responsibility for the injury committed by them was the same that it would have been had he voluntarily permitted them to roam at large. 2 Cooley, Torts (3d ed.) 684 (*397); Bigelow, Torts (8th ed.) 459; 2 Jaggard, Torts, p. 662. This rule of the common law was recognized in Wisconsin in the early case of *Stone v. Donaldson*, 1 Pin. 393, and also in *Harrison v. Brown*, 5 Wis. 27. The liability still exists in this state, but subject to conditions imposed by statute. *Walls v. Cunningham*, 123 Wis. 346, 101 N. W. 696. A learned review of the common law on this subject and the reasons upon which the rule was based will be found in the opinion of Justice Doe in *Brown v. Collins*, 53 N. H. 442. The rule itself appears to have been founded on ancient analogies and on the known propensities of such animals to stray, crop the herbage, destroy trees, etc., and in part on the forms of action made imperative by the ancient common law. There grew up, however, not without some struggle, a supplementary rule of the common law limiting the liability of the owners for damages caused by such animals, when, being lawfully driven upon the highway without negligence on the part of the owner or his servant in charge, they escaped from control and tres-

passed upon property abutting on the highway. Cooley speaks of it as an exception to the common-law rule that every man at his peril must keep his beasts from the lands of others:

"If one is driving his domestic animals along the public highway, he is bound to observe due care, and if, notwithstanding he is guilty of no negligence, they escape from him and go upon private grounds, he is not responsible, provided he removes them within a reasonable time." 2 Cooley, Torts (3d ed.) 690 (*401).

"A person whose horses, frightened by a locomotive, became uncontrollable, ran away with him, went upon land of another, and broke a post there, is not liable for the damage if it was not caused by any fault on his part." *Brown v. Collins,* 53 N. H. 442.

"An ox belonging to the defendant and while being driven by his servants through the streets of a country town entered the plaintiff's shop, which adjoined the street, through the open doorway and damaged his goods. No negligence on the part of the persons in charge of the ox was proved. Held, that the defendant was not liable." *Tillett v. Ward,* L. R. 10 Q. B. Div. 17.

In the case last cited COLERIDGE, C. J., says:

"Persons who have property adjacent to a highway may be taken to hold it subject to the risk of injury from inevitable risk. . . . The accident to the plaintiff was one of the necessary and inevitable risks which arise from driving cattle in the streets in or out of town."

This exception to the common-law rule referred to, or supplementary rule of the modern common law, whichever it may be called, is recognized in Wisconsin. It is said in *Harrison v. Brown, supra:*

"It is further conceded, that the alleged trespass was committed by the hogs escaping through the fence while running at large and depasturing in the highway, and not in consequence of breaking into the close, while being driven along the same *in transitu.*"

The court seemed to think it was necessary to draw this distinction. See, also, *Van Roy v. Watermolen,* 125 Wis. 333, 104 N. W. 97. This is also supported by *Roche v. Milwaukee G. L. Co.* 5 Wis. 55, and *Fahn v. Reichart,* 8 Wis. 255. In the latter case it is said:

"A possible damage to another in the cautious and prudent exercise of a lawful right is not to be regarded, and if a loss is the consequence, it is *damnum absque injuria.*"

See, also, *Wood v. Snider,* 187 N. Y. 28, 79 N. E. 858, 12 L. R. A. N. s. 912, and cases in note; 1 Thomp. Comm. on Neg. §§ 1294, 1297; 18 Am. & Eng. Ency. of Law (2d ed.) 588; *Erdman v. Gottshall,* 9 Pa. Super. Ct. 295. The case of *Chunot v. Larson,* 43 Wis. 536, chiefly relied upon in the court below to support the decision, is not in point. That case falls under a different rule of law.

*By the Court.*—Judgment reversed, and the cause remanded with directions to enter judgment for defendants.