JOSEPHINE SCHWEGEL et al., Appellants, v FRANK CHIARAMONTE et al., Respondents, et al., Defendant. [772 NYS2d 379]—

In an action, inter alia, to recover damages for intentional infliction of emotional distress, trespass, and nuisance, the plaintiffs appeal from so much of an order of the Supreme Court,

Richmond County (Minardo, J.), dated August 26, 2002, as denied their motion for summary judgment dismissing the counterclaims of the defendants Frank Chiaramonte, Maria Chiaramonte, George DeFelice, and Helen DeFelice.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiffs' motion which were to dismiss the first, fifth, sixth, and seventh counterclaims, so much of the second counterclaim as is asserted by the defendant Helen DeFelice, and the fourth counterclaim insofar as asserted against the plaintiff Josephine Schewegel, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.

In response to the plaintiffs' prima facie showing establishing their entitlement to summary judgment dismissing the counterclaims in their entirety, the defendants Frank Chiaramonte, Maria Chiaramonte, George DeFelice, and Helen DeFelice (hereinafter the respondents), demonstrated the existence of triable factual issues only as to so much of the second counterclaim in which the defendant Maria Chiaramonte (hereinafter Maria), alleged trespass by the plaintiffs, the third counterclaim alleging nuisance, and the fourth counterclaim alleging slander insofar as it was asserted against the plaintiff Maria Torres (hereinafter Torres) by the defendant George DeFelice (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The first counterclaim alleging intentional infliction of emotional distress should have been dismissed because it was not based on conduct so extreme and outrageous that it transcends the bounds of decency in a civilized society (*see Howell v New York Post Co.*, 81 NY2d 115, 122 [1993]; *Freihofer v Hearst Corp.*, 65 NY2d 135, 143 [1985]; *Ruggiero v Contemporary Shells*, 160 AD2d 986, 987 [1990]). A triable issue of fact was raised on the second counterclaim alleging trespass insofar as asserted by Maria based upon her testimony that the plaintiffs permitted their dogs to enter her property, that one of the dogs urinated on a light fixture the Chiaramontes installed in front of their house, and that the plaintiffs routinely threw cigarette butts onto her property (*see Wood v Snider*, 187 NY 28, 31 [1907]; *Dellaportas v County of Putnam*, 240 AD2d 358, 359 [1997]). Insofar as the second counterclaim is asserted by the defendant Helen DeFelice, that defendant failed to raise any triable issue as to whether the plaintiffs trespassed on her property. The plaintiffs' alleged videotaping of the defendants Helen DeFelice and Maria, and their children, raised triable issues of fact as to whether the plaintiffs were liable in nuisance as al-

leged in the third counterclaim (*see generally Zimmerman v Carmack,* 292 AD2d 601, 602 [2002]; *Weinberg v Lombardi,* 217 AD2d 579 [1995]).

The report by the plaintiff Torres to the New York City Department of Correction, a synopsis of which was annexed to the respondents' papers in opposition to the plaintiffs' motion, was sufficient to raise a factual issue as to whether or not that plaintiff defamed the defendant George DeFelice in his trade or profession (*see Liberman v Gelstein,* 80 NY2d 429, 434-435 [1992]; *Pappalardo v Westchester Rockland Newspapers,* 101 AD2d 830 [1984], *affd* 64 NY2d 862 [1985]), as alleged in the fourth counterclaim. The fourth counterclaim should have been dismissed, however, insofar as asserted against the plaintiff Josephine Schwegel since no report was made by her.

The fifth counterclaim, asserted on behalf of the defendant Frank Chiaramonte alleging slander was insufficient as a matter of law. The respondents' pleadings and papers specified neither the particular words complained of nor identified to whom they were allegedly published (*see* CPLR 3016 [a]; *Loria v Plesser,* 267 AD2d 213, 214 [1999]; *Ott v Automatic Connector,* 193 AD2d 657, 658 [1993]). Furthermore, the letter containing the alleged defamatory statement failed to identify the source as either plaintiff. The sixth counterclaim alleging prima facie tort should have been dismissed in the absence of pleading or proof of special damages (*see Freihofer v Hearst Corp., supra* at 142-143). The seventh counterclaim for punitive damages is not sustainable as a separate cause of action and therefore should also have been dismissed (*see Rocanova v Equitable Life Assur. Socy. of U.S.,* 83 NY2d 603, 616-617 [1994]; *Glatter v Chase Manhattan Bank,* 239 AD2d 68, 73 [1998]). Santucci, J.P., S. Miller, Crane and Rivera, JJ., concur.